IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUNICE HUSBAND, | Civil No.: 3:16-cv-498 |
| Plaintiff | (Judge Mariani) |
| v. | |
| J. ALEMAN-ACEVEDO, et al., | |
| Defendants | |

## MEMORANDUM

Plaintiff Eunice Husband ("Husband"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), initiated this *Bivens*[1] action, seeking to proceed *in forma pauperis*. (Doc. 1). He is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).

On April 8, 2016, Husband was granted *in forma pauperis* status. (Doc. 9). Defendants subsequently filed a motion to vacate Husband's *in forma pauperis* status, and stay the proceedings pending receipt of the filing fee. (Doc. 16). Husband concedes that he is subject to the three strikes rule, however he claims that he is "under duress" of

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

ongoing assaults. (Doc. 2, p. 2). Review of the complaint has been undertaken and, as set forth in detail below, Husband has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. Accordingly, Defendants' motion to revoke Husband's *in forma pauperis* status will be granted, and this action will be stayed pending receipt of the full filing fee.

## I. Allegations of the Complaint

Husband alleges that, in January, February and March, 2016, Officer Aleman groped his genitals and buttocks during pat-down searches, yanked his hand restraints, stared at his genitals, and made a sexual remark while he was in the shower. (Doc. 1, pp. 3-7). He alleges that he informed the Defendants about the incidents. (*Id.*). Husband further alleges that certain Defendants witnessed the incidents, but failed to report them. (*Id.*). Husband states that the supervisory Defendants advised him that staff may probe inmates' genitalia during pat-down searches, which he claims is contrary to prison policy. (*Id.*). Husband further claims that the supervisory Defendants allowed Officer Aleman to work "hands-on" with him. (*Id.* at p. 6).

In a supplement to the complaint, Husband alleges that he engaged in a fight with another inmate in August 2013, and that staff "continues to place plaintiff in harms-way by placing plaintiff in Recreation-cages with other Washington, D.C. inmates." (Doc. 14, p. 1).

Husband acknowledges that he has not exhausted the available administrative

remedies with respect to the claims in the instant complaint. (Doc. 1, p. 3).

For relief, Husband requests that all Defendants lose their jobs, and that Defendants' monetary accounts and assets "be frozen pending exhaustion of this case." (*Id.* at p. 4). Additionally, Husband requests monetary compensation, mental health treatment, an immediate transfer to another facility, and the appointment of an attorney at Defendants' expense. (*Id.*).

## II. Discussion

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Husband has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not

allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313.

In *Ball v. Hummel*, the Court found that the four months that elapsed between the plaintiff's alleged harm and the filing of the civil rights complaint did not amount to imminent harm which would justify avoidance of the sanctions prescribed by 28 U.S.C. § 1915(g). *Ball v. Hummel*, 2012 WL 3618702 (M.D. Pa. 2012), *adopted by*, 2012 WL 3624045 (M.D. Pa. 2012), *affirmed*, 577 F. App'x 96 (3d Cir. 2014). The Court in *Ball* further stated that the inmate could not save her "otherwise inadequate pleadings by alleging in vague and conclusory terms that she feels constantly under threat of some sort of harm. Quite the contrary, it is well-settled that: 'this type of general assertion: is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Ball*, 2012 WL 3618702, at *11 (citations omitted).

In the present matter, Husband's claim of imminent danger fails. The alleged physical and sexual assaults occurred in the months and years prior to the filing of the

4

complaint. (Docs. 1, 14). Furthermore, Husband has not alleged any form of serious physical injury. Husband alleges that Officer Aleman "yanked and jerked" his handcuffs during a cell rotation, causing pain to his wrists. (Doc. 1, p. 6). Additionally, Husband alleges that, during a transport from the recreation cage, Officer Aleman conducted a pat-search of his body. (*Id.*). Husband acknowledges that the Defendants advised him that staff may probe inmates' genitalia during pat-down searches. (*Id.* at pp. 6-7). The Court finds that these allegations simply do not rise to the level of serious physical injuries.

Additionally, Husband's allegation of verbal harassment by staff cannot reasonably be construed as an imminent threat of serious physical injury. Verbal harassment, standing alone, typically is not considered an imminent threat of serious *physical* injury for purposes of § 1915(g). *See, e.g., Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008); *Robinson v. Taylor*, 204 F. App'x 155 (3d Cir. 2006). To the extent that Husband complains about alleged verbal harassment, his averments do not even state a claim upon which relief may be granted since: "It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment." *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006) (citations omitted).

Subsequent to the filing of the complaint, Husband filed responses to the Defendants' instant motion. (Docs. 17, 18, 19). In the responses, Husband reiterates the allegations of the complaint, *see* (Doc. 17), and complains about a cell assignment and fight

with fellow inmates in June and July, 2016, see (Docs. 18, 19). For the reasons stated above, the allegations of the complaint fail to establish that Husband was in imminent damage of serious bodily harm at the time he filed the complaint. The complaints regarding a cell assignment and fights with fellow inmates are wholly unrelated to the allegations in the present complaint, and occurred months after Husband filed his complaint.

Upon thorough review of the filings in the instant action, this Court determines that Husband was not under imminent danger of physical injury when he signed and filed his complaint. Husband has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to avoid the revocation of his *in forma pauperis* status. Accordingly, Defendants' motion to revoke Plaintiff's leave to proceed *in forma pauperis* will be granted. *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

If Husband wishes to pursue the claims in this action, he must pay the filing fee in full. Accordingly, Husband will be granted thirty (30) days from the date of the accompanying Order to pay the full filing fee of $400.00. Failure to pay the fee within the time stated will result in dismissal of the complaint.

An appropriate Order shall issue.

Date: December 12, 2016

          /s/ Robert D. Mariani
Robert D. Mariani
United States District Judge