# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUNICE HUSBAND, | : | Civil No.: 3:16-cv-498 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| J. ALEMAN-ACEVEDO, et al., | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff Eunice Husband ("Husband"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, initiated this *Bivens*[1] action on March 23, 2016, seeking to proceed *in forma pauperis*. (Doc. 1). Husband is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). The Court initially granted Husband's application to proceed *in forma pauperis* status. (Doc. 9). Defendants thereafter filed a motion to remove Husband's *in forma pauperis* status, and stay the proceedings pending receipt of the full filing fee. (Doc. 16). By Memorandum and Order dated December 12, 2016, the Court determined that Husband failed to sufficiently allege that he was in imminent danger of serious bodily harm, and granted Defendants'

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

motion to revoke Husband's *in forma pauperis* status. (Docs. 21, 22). The Court vacated the prior Order granting Husband's motion to proceed without full prepayment of fees and costs, stayed this action pending receipt of the full filing fee, and granted Husband thirty (30) days to pay the full filing fee if he wished to pursue the claims in the instant action. (*Id.*).

Pending before the Court is Husband's motion for reconsideration (Doc. 23) of this Court's December 12, 2016 Order. For the reasons set forth below, the motion for reconsideration will be denied.

## II. <u>Motion for Reconsideration Standard of Review</u>

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. Discussion

Presently, Husband requests that the Court reverse its Order removing his *in forma pauperis* status. (Doc. 23). Upon review of the instant motion, Husband fails to establish any grounds warranting reconsideration of the December 12, 2016 Memorandum and Order. Rather, Husband simply restates the allegations of the complaint, and again requests that the Court allow him to proceed *in forma pauperis* based on the same reasons set forth in the complaint.

In the motion for reconsideration, Husband claims that, at the time he filed his complaint, he was in imminent danger of serious physical injury because he was "sexually assaulted, sexually harassed, physically assaulted, and/or sexually verbally harassed" by Defendant Aleman-Acevedo in January, February, and March 2016. (*Id.* at pp. 1-2). Husband claims that Defendants' explanation that staff may probe inmates' genitalia during pat-down searches must "fail." (*Id.* at p. 2). Additionally, Husband asserts "a pattern of staff misconduct" due to his placement in cells and recreation areas with inmates from adverse "geographical groups," and states that he engaged in fights in August 2013, and June and July 2016. (*Id.* at p. 3). Husband claims that his "sufferings have manifested over [the] years." (*Id.*).

In the complaint, Husband alleged that, in January, February and March, 2016, Defendant Aleman-Acevedo groped his genitals and buttocks during pat-down searches, yanked his hand restraints, stared at his genitals, and made a sexual remark while he was in the shower. (Doc. 1, pp. 3-7). Husband alleged that he informed the Defendants about the incidents, and certain unnamed Defendants witnessed the incidents, but failed to report them. (*Id.*). Husband noted that Defendants advised him that staff may probe inmates' genitalia during pat-down searches. (*Id.*). In a supplement to the complaint, Husband alleged that he engaged in a fight with another inmate in August 2013, and that staff "continues to place plaintiff in harms-way by placing plaintiff in Recreation-cages with other

Washington, D.C. inmates." (Doc. 14, p. 1). This Court previously determined that the alleged physical and sexual assaults that occurred in the months and years prior to the filing of the complaint were insufficient to invoke the imminent danger exception to the three strikes rule. (Doc. 21, pp. 4-5); *see also Ball v. Hummel*, 2012 WL 3618702, at *11 (M.D. Pa. 2012), *adopted by*, 2012 WL 3624045 (M.D. Pa. 2012), *affirmed*, 577 F. App'x 96 (3d Cir. 2014) (finding that the inmate could not save her "otherwise inadequate pleadings by alleging in vague and conclusory terms that she feels constantly under threat of some sort of harm. Quite the contrary, it is well-settled that: 'this type of general assertion: is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (citations omitted); *Brown v. Lyons*, 2013 WL 5629774, at *4 (E.D. Pa. 2013) ("even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury'") (citing 28 U.S.C. § 1915(g)). This Court further determined that Husband did not allege any form of serious physical injury, and his allegation of verbal harassment could not reasonably be construed as an imminent threat of serious physical injury. (Doc. 21, pp. 4-5).

Husband has not demonstrated a need to reconsider the December 12, 2016 Memorandum and Order. He fails to advance an intervening change in controlling law, to present newly found evidence, or to establish that a clear error of law or fact exists. Nor

does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Consequently, the motion for reconsideration will be denied.

    A separate Order shall issue.

Date: January /3 , 2017

Robert D. Mariani
United States District Judge